[L. A. Nos. 333, 373.   In Bank.—May 31, 1898.]

ALBERT MEYER, Appellant, v. CITY OF SAN DIEGO et al., Respondents; H. I. CAPRON et al., Intervenors and Appellants; R. NICCOLLS et al., Intervenors and Appellants, Consolidated for the Trial with the Case of SAN DIEGO WATER COMPANY, Appellant, v. CITY OF SAN DIEGO et al., Respondents.

PRACTICE—APPEAL—ERRONEOUS REFUSAL TO CHANGE VENUE—JUDGMENT.— A judgment rendered in an action, after an erroneous refusal to grant a change of venue on account of the disqualification of the trial judge by interest, has no force or validity, and will be reversed on appeal without a consideration of the merits.

APPEALS from a judgment of the Superior Court of San Diego County and from an order refusing a new trial.   E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Works & Works, and Works & Lee, for Appellants San Diego Water Company, and H. I. Capron et al.

L. L. Boone, for Appellants R. Niccolls et al.

William H. Fuller, for Appellant Albert Meyer.

Delmas & Shortridge, and Gibson & Titus, for Respondent Southern California Mountain Water Company.

H. E. Doolittle, and T. L. Lewis, for Respondents City of San Diego and Its Officers.

THE COURT.—These are appeals in the consolidated action brought to enjoin the issuance of certain municipal bonds of the city of San Diego, and to annul a contract which had been entered into by the city with the Southern California Mountain Water Company, a corporation.

It has been this day decided in *Albert Meyer et al. v. City of San Diego et al.*, ante, p. 102, that the trial judge was disqualified by interest, and that the motion made for a change of venue should have been granted.   And the order denying a change of venue was therefore reversed.

It may be regretted that the expense and labor necessarily incurred in the preparation and presentation of these appeals should thus be wasted, but as, under the circumstances, the judgment rendered is of no force or validity, the questions cannot be considered upon their merits, and naught remains but to reverse the judgment.

The judgment and order are reversed and the cause remanded.
Rehearing denied.